<span style="color:orange">CLOSED</span>,COMPLEX

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA (Eastern Division - Riverside)
# CRIMINAL DOCKET FOR CASE #: 5:19-cr-00338-JGB-1

---

Case title: USA v. Hardrick et al

Date Filed: 10/02/2019
Date Terminated: 12/18/2019

---

Assigned to: Judge Jesus G. Bernal

**Defendant (1)**

**Aaron Tremmell Hardrick**
*TERMINATED: 12/18/2019*

| **Pending Counts** | **Disposition** |
|---|---|
| None | |

| **Highest Offense Level (Opening)** | |
|---|---|
| None | |

| **Terminated Counts** | **Disposition** |
|---|---|
| 18:1951(a) CONSPIRACY TO INTERFERE WITH COMMERCE BY ROBBERY (1) | Rule 20 Transfer to Northern District of Texas |
| 18:1951(a) CONSPIRACY TO INTERFERE WITH COMMERCE BY ROBBERY AND INTERFERENCE WITH COMMERCE BY ROBBERY; 18:2(a) AIDING AND ABETTING (4) | Rule 20 Transfer to Northern District of Texas |

| **Highest Offense Level (Terminated)** | |
|---|---|
| Felony | |

| **Complaints** | **Disposition** |
|---|---|
| None | |

---

**Plaintiff**

**USA**                                    represented by  **Jerry C Yang**
                                                          AUSA - United States Attorney's Office
                                                          Riverside Branch
                                                          3403 Tenth Street Suite 200
                                                          Riverside, CA 92501
                                                          951-276-6221
                                                          Fax: 951-276-6202
                                                          Email: jerry.yang@usdoj.gov
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*
                                                          *Designation: Assistant US Attorney*

| Date Filed | # | Docket Text |
|---|---|---|
| 10/02/2019 | 1 | INDICTMENT Filed as to Aaron Tremmell Hardrick (1) count(s) 1, 4, Edward Eugene Robinson (2) count(s) 1, 4, Robert Wimbley (3) count(s) 1, 2, 3, Darron Wimbley (4) count(s) 1, 2, 3, Djovonte Lewis (5) count(s) 1, 2, 3, Anthony Wimbley (6) count(s) 1, 2, 3. Offense occurred in San Bernardino. (ddav) (Entered: 10/04/2019) |
| 10/02/2019 | 2 | CASE SUMMARY filed by AUSA Jerry Yang as to Defendant Aaron Tremmell Hardrick; defendants Year of Birth: 1987 (ddav) (Entered: 10/04/2019) |
| 10/02/2019 | 8 | MEMORANDUM filed by Plaintiff USA (See attachment) (ddav) (Entered: 10/04/2019) |
| 10/02/2019 | 9 | MEMORANDUM filed by Plaintiff USA (See attachment) (ddav) (Entered: 10/04/2019) |
| 10/02/2019 | 10 | EX PARTE APPLICATION to Seal Case Filed by Plaintiff USA as to Defendant Aaron Tremmell Hardrick, Edward Eugene Robinson, Robert Wimbley, Darron Wimbley, Djovonte Lewis, Anthony Wimbley. (ddav) (Entered: 10/04/2019) |
| 10/02/2019 | 11 | ORDER by Magistrate Judge Sheri Pym: granting 10 EX PARTE APPLICATION to Seal Case as to Aaron Tremmell Hardrick (1), Edward Eugene Robinson (2), Robert Wimbley (3), Darron Wimbley (4), Djovonte Lewis (5), Anthony Wimbley (6) (ddav) (Entered: 10/04/2019) |
| 10/02/2019 | 12 | NOTICE TO COURT OF COMPLEX CASE filed by Plaintiff USA as to Defendant Aaron Tremmell Hardrick, Edward Eugene Robinson, Robert Wimbley, Darron Wimbley, Djovonte Lewis, Anthony Wimbley. (ddav) (Entered: 10/04/2019) |
| 10/04/2019 | 13 | ORDER RETURNING CASE FOR REASSIGNMENT by Judge Christina A. Snyder. ORDER case, as to Defendant Aaron Tremmell Hardrick, Edward Eugene Robinson, Robert Wimbley, Darron Wimbley, Djovonte Lewis, Anthony Wimbley, returned to the Clerk for random reassignment pursuant to General Order 19-03. Case randomly reassigned from Judge Christina A. Snyder to Judge Fernando M. Olguin for all further proceedings. The case number will |

| | | |
|---|---|---|
| | | now reflect the initials of the transferee Judge 5:19-cr-00338 FMO. (rn) (Entered: 10/07/2019) |
| 10/08/2019 | 14 | ORDER TRANSFERRING CRIMINAL ACTION pursuant to General Order 19-03. ORDER case, as to Defendant Aaron Tremmell Hardrick, Edward Eugene Robinson, Robert Wimbley, Darron Wimbley, Djovonte Lewis, Anthony Wimbley, transferred from Judge Fernando M. Olguin to the calendar of Judge Jesus G. Bernal for all further proceedings. The case number will now reflect the initials of the transferee Judge 5:19-cr-00338 JGB. Signed by Judge Fernando M. Olguin. Accepted by Judge Jesus G. Bernal. (rn) (Entered: 10/08/2019) |
| 10/16/2019 | 15 | GOVERNMENT'S NOTICE OF REQUEST for Detention (twdb) (Entered: 10/17/2019) |
| 12/18/2019 | 67 | CONSENT TO TRANSFER JURISDICTION (Rule 20) to Northern District of Texas. Counts closed as to Aaron Tremmell Hardrick (1) Count 1,4. (twdb) (Entered: 12/19/2019) |
| 12/19/2019 | | Notice to Northern District of Texas of a Rule 20 Consent to Transfer as to Defendant Aaron Tremmell Hardrick. Using your PACER account, you may retrieve the docket sheet and any text-only entries via the case number link. The following document link(s) is also provided: 67 Rule 20 - Consent to Transfer Out. If you require certified copies of any documents, please send a request to email address CrimIntakeCourtDocs-LA@cacd.uscourts.gov (twdb) (Entered: 12/19/2019) |

| **PACER Service Center** | | |
|---|---|---|
| **Transaction Receipt** | | |
| 12/19/2019 11:43:20 | | |
| **PACER Login:** | thomasdrew:3879184:4259697 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 5:19-cr-00338-JGB End date: 12/19/2019 |
| **Billable Pages:** | 2 | **Cost:** | 0.20 |

UNDER SEAL

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

September 2019 Grand Jury

UNITED STATES OF AMERICA,

    Plaintiff,

    v.

AARON TREMMELL HARDRICK,
EDWARD EUGENE ROBINSON,
ROBERT WIMBLEY,
DARRON WIMBLEY,
DJOVONTE LEWIS, and
ANTHONY WIMBLEY,

    Defendants.

ED CR No. 19-0338

I N D I C T M E N T

[18 U.S.C. § 1951(a): Conspiracy
to Interfere with Commerce by
Robbery and Interference With
Commerce By Robbery; 18 U.S.C.
§ 924(c)(1)(A)(ii): Possess, Use,
Carry, and Brandish a Firearm in
Furtherance of, and During and in
Relation to, a Crime of Violence;
18 U.S.C. § 2(a): Aiding and
Abetting]

The Grand Jury charges:

COUNT ONE

[18 U.S.C. § 1951(a)]

[ALL DEFENDANTS]

A.   INTRODUCTORY ALLEGATION

    1.   At times relevant to this Indictment, AT&T Wireless, Sprint
Corporation, and T-Mobile were national telephone service carriers
and cellular telephone providers that sold and distributed products
in, and affecting, interstate commerce.

B.    OBJECT OF THE CONSPIRACY

2.    Beginning on a date unknown to the Grand Jury, but no later than on or about March 18, 2019, and continuing to on or about September 8, 2019, in Riverside, San Bernardino, Los Angeles, and Orange Counties, within the Central District of California, and elsewhere, defendants AARON TREMMELL HARDRICK, EDWARD EUGENE ROBINSON, ROBERT WIMBLEY ("R. WIMBLEY"), DARRON WIMBLEY ("D. WIMBLEY"), DJOVONTE LEWIS, and ANTHONY WIMBLEY ("A. WIMBLEY"), and others known and unknown to the Grand Jury, conspired with each other to knowingly and intentionally interfere with commerce by robbery, in violation of Title 18, United States Code, Section 1951(a).

C.    MEANS AND MANNER OF THE CONSPIRACY

3.    The object of the conspiracy was to be accomplished, in substance, as follows:

a.    Defendants HARDRICK and ROBINSON, and other unindicted co-conspirators, would identify a cellular phone store to be robbed.

b.    Defendants HARDRICK, ROBINSON, R. WIMBLEY, D. WIMBLEY, LEWIS, and A. WIMBLEY, and other unindicted co-conspirators, would enter the cellular phone store to execute the robbery and would carry, brandish, and/or discharge firearms during the robbery, in order to intimidate and control employees and customers of the cellular phone store.

c.    On some occasions, defendant HARDRICK and other co-conspirators would stay outside the cellular phone store to act as a lookout.

///

2

1        d.    On some occasions, defendants HARDRICK and ROBINSON,

2   and other unindicted co-conspirators, would tie up the employees of

3   the cellular phone store with zip ties and cords.

4        e.    Defendants HARDRICK, ROBINSON, R. WIMBLEY, D. WIMBLEY,

5   LEWIS, and A. WIMBLEY, and other unindicted co-conspirators, would

6   force the employees of the cellular phone store to reveal which

7   cellular phones contained tracking devices.

8        f.    Defendants HARDRICK, ROBINSON, R. WIMBLEY, D. WIMBLEY,

9   LEWIS, and A. WIMBLEY, and other unindicted co-conspirators, would

10  attempt to only take cellular phones that did not contain tracking

11  devices.

12       g.    Defendants HARDRICK and ROBINSON, and other indicted

13  and unindicted co-conspirators, would wait near the robbery location

14  in a getaway vehicle, and drive all of the co-conspirators away after

15  the robbery was completed.

16  D.   OVERT ACTS

17       4.    In furtherance of the conspiracy and to accomplish its

18  object, defendants HARDRICK, ROBINSON, R. WIMBLEY, D. WIMBLEY, LEWIS,

19  and A. WIMBLEY, and others known and unknown to the Grand Jury,

20  committed various overt acts within the Central District of

21  California, and elsewhere, including, but not limited to, the

22  following::

23       **1.   March 18, 2019 Robbery of Sprint Store in Chino**

24       Overt Act No. 1:    On or about March 18, 2019, defendants

25  HARDRICK and ROBINSON went to a Sprint store, located at 4005 Grand

26  Avenue, Suite C, Chino, California ("Chino Sprint Store").

27       Overt Act No. 2:    On or about March 18, 2019, an unindicted

28  co-conspirator ("UCC-1") sent a text message to defendant ROBINSON to

1  discuss the locations of potential cellular phone stores to be

2  robbed.

3      Overt Act No. 3:   On or about March 18, 2019, the co-

4  conspirators entered the Chino Sprint Store wearing hoodies, dark

5  pants, gloves, and bandanas covering their faces, and one of them

6  carrying a handgun.

7      Overt Act No. 4:   On or about March 18, 2019, inside the Chino

8  Sprint Store, one of the co-conspirators brandished his handgun to

9  intimidate and control the employee inside the store.

10      Overt Act No. 5:   On or about March 18, 2019, inside the Chino

11  Sprint Store, one of the co-conspirators pointed a gun at an employee

12  to force the employee to reveal the location of the cellular phones.

13      Overt Act No. 6:   On or about March 18, 2019, inside the Chino

14  Sprint Store, one of the co-conspirators removed approximately

15  $30,900 worth of cellular phones and electronic devices.

16      Overt Act No. 7:   On or about March 18, 2019, UCC-1 sent a

17  text message to an unindicted co-conspirator listing the number and

18  types of cellular phones obtained from the robbery of the Chino

19  Sprint Store.

20      **2.   May 21, 2019 Robbery of AT&T Wireless Store in Fullerton**

21      Overt Act No. 8:   On or about May 21, 2019, defendants

22  D. WIMBLEY, LEWIS, A. WIMBLEY, and R. WIMBLEY went to a AT&T Wireless

23  store, located at 2323 East Chapman Avenue, Unit A, Fullerton,

24  California ("Fullerton AT&T Store").

25      Overt Act No. 9:   On or about May 21, 2019, defendants D.

26  WIMBLEY, LEWIS, A. WIMBLEY, and R. WIMBLEY entered the Fullerton AT&T

27  Store wearing hoodie sweatshirts, gloves, and masks covering their

28  faces, and at least one of the co-conspirators carried a Springfield

4

1  Armory XD-9 9mm caliber semi-automatic handgun, serial number

2  AT116573 ("9mm caliber handgun").

3      Overt Act No. 10:   On or about May 21, 2019, inside the

4  Fullerton AT&T Store, one of the co-conspirators brandished the 9mm

5  caliber handgun to intimidate and control the employee inside the

6  store.

7      Overt Act No. 11:   On or about May 21, 2019, inside the

8  Fullerton AT&T Store, one of the co-conspirators pointed the 9mm

9  caliber handgun at the employee.

10     Overt Act No. 12:   On or about May 21, 2019, inside the

11  Fullerton AT&T Store, one of the co-conspirators demanded that the

12  employee reveal the location of the tracker cellular phone.

13     Overt Act No. 13:   On or about May 21, 2019, inside the

14  Fullerton AT&T Store, defendants D. WIMBLEY, LEWIS, A. WIMBLEY, and

15  R. WIMBLEY removed approximately $23,339 worth of cellular phones and

16  electronic devices, including a tracker cellular phone.

17      **3.  August 13, 2019 Robbery of T-Mobile Store in Long Beach**

18     Overt Act No. 14:   On or about August 13, 2019, defendants

19  HARDRICK and ROBINSON, and an unidentified co-conspirator, went to a

20  T-Mobile store, located at 4512 Atlantic Avenue, Long Beach,

21  California ("Long Beach T-Mobile Store").

22     Overt Act No. 15:   On or about August 13, 2019, defendants

23  HARDRICK and ROBINSON, and the unidentified co-conspirator, entered

24  the Long Beach T-Mobile Store wearing gloves and masks partially

25  covering their faces, and defendant HARDRICK carrying a handgun.

26     Overt Act No. 16:   On or about August 13, 2019, inside the Long

27  Beach T-Mobile Store, defendant HARDRICK brandished the handgun to

28  intimidate and control employees inside the store.

1     Overt Act No. 17:   On or about August 13, 2019, inside the Long

2 Beach T-Mobile Store, defendant HARDRICK bound two of the employees

3 with zip-ties and forced them to lay on the ground.

4     Overt Act No. 18:   On or about August 13, 2019, inside the Long

5 Beach T-Mobile Store, defendants HARDRICK and ROBINSON, and the

6 unidentified co-conspirator, removed approximately $37,115.28 worth

7 of electronic devices and cellular telephones and approximately

8 $2,434.22 in cash.

9     **4.   August 19, 2019 Robbery of Sprint Store in Victorville**

10     Overt Act No. 19:   On or about August 19, 2019, defendant

11 HARDRICK, and two unidentified co-conspirators, went to a Sprint

12 store, located at 14350 Bear Valley Road, Suite 101, Victorville,

13 California ("Victorville Sprint Store").

14     Overt Act No. 20:   On or about August 19, 2019, the two

15 unidentified co-conspirators entered the Victorville Sprint Store

16 wearing masks covering their faces, and one of the co-conspirators

17 brandishing a handgun.

18     Overt Act No. 21:   On or about August 19, 2019, defendant

19 HARDRICK stayed outside the Victorville Sprint Store to act as a

20 lookout.

21     Overt Act No. 22:   On or about August 19, 2019, inside the

22 Victorville Sprint Store, one of the co-conspirators bound an

23 employee with zip-ties and forced her to lay on the ground.

24     Overt Act No. 23:   On or about August 19, 2019, inside the

25 Victorville Sprint Store, the two co-conspirators removed

26 approximately $65,000 worth of electronic devices and cellular

27 telephones.

28

1    **5.    September 8, 2019 Robbery of Sprint Store in Beaumont,**

2         **California**

3    <u>Overt Act No. 24</u>:   On or about September 8, 2019, defendants

4    HARDRICK and ROBINSON, and four unidentified co-conspirators, went to

5    a Sprint store, located at 1484 2nd Street, Suite 101, Beaumont,

6    California ("Beaumont Sprint Store").

7    <u>Overt Act No. 25</u>:   On or about September 8, 2019, the four

8    unidentified co-conspirators entered the Beaumont Sprint Store

9    wearing masks covering their faces, and two of the co-conspirators

10   each brandishing a handgun.

11   <u>Overt Act No. 26</u>:   On or about September 8, 2019, inside the

12   Beaumont Sprint Store, the co-conspirators bound two employees with

13   charging cords and forced them to lay on the ground.

14   <u>Overt Act No. 27</u>:   On or about September 8, 2019, one of the

15   co-conspirators was on a cellular phone call with a co-conspirator

16   who was outside the Beaumont Sprint Store acting as a lookout.

17   <u>Overt Act No. 28</u>:   On or about September 8, 2019, inside the

18   Beaumont Sprint Store, the four co-conspirators removed approximately

19   $34,699.57 worth of electronic devices and cellular telephones.

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

COUNT TWO

[18 U.S.C. §§ 1951(a), 2(a)]

[DEFENDANTS D. WIMBLEY, LEWIS, A. WIMBLEY, AND R. WIMBLEY]

On or about May 21, 2019, in Orange County, within the Central District of California, defendants DARRON WIMBLEY, DJOVONTE LEWIS, ANTHONY WIMBLEY, and ROBERT WIMBLEY, each aiding and abetting the other, obstructed, delayed, and affected commerce and the movement of articles and commodities in commerce, by knowingly and willingly committing robbery, in that defendants D. WIMBLEY, DJOVONTE LEWIS, A. WIMBLEY, and R. WIMBLEY unlawfully took and obtained property consisting of approximately $23,339 worth of electronic devices and cellular telephones from an AT&T Wireless store, located at 2323 East Chapman Avenue, Unit A, Fullerton, California, belonging to AT&T Wireless, a national telephone service carrier and cellular telephone provider, the inventory of which travels in interstate commerce, in the presence of an employee of the AT&T Wireless Store, against his will, by means of actual and threatened force, violence, and fear of injury, immediate and future, to his person.

8

COUNT THREE

[18 U.S.C. §§ 924(c)(1)(A)(ii), 2(a)]

[DEFENDANTS D. WIMBLEY, LEWIS, A. WIMBLEY, AND R. WIMBLEY]

On or about May 21, 2019, in Orange County, within the Central District of California, defendants DARRON WIMBLEY, DJOVONTE LEWIS, ANTHONY WIMBLEY, and ROBERT WIMBLEY, each aiding and abetting the other, knowingly used and carried a firearm, namely, a Springfield Armory XD-9 9mm caliber semi-automatic handgun, serial number AT116573, during and in relation to, and possessed that firearm in furtherance of, a crime of violence, namely, Interference with Commerce by Robbery, in violation of Title 18, United States Code, Section 1951(a), as charged in Count Two of this Indictment, and, in so doing, brandished that firearm.

COUNT FOUR

[18 U.S.C. §§ 1951(a), 2(a)]

[DEFENDANTS HARDRICK AND ROBINSON]

On or about August 13, 2019, in Los Angeles County, within the Central District of California, defendants AARON TREMMELL HARDRICK and EDWARD EUGENE ROBINSON, each aiding and abetting the other, obstructed, delayed, and affected commerce and the movement of articles and commodities in commerce by knowingly and willingly committing robbery, in that defendants HARDRICK and ROBINSON unlawfully took and obtained property consisting of approximately $37,115.28 worth of electronic devices and cellular telephones and approximately $2,434.22 in cash from a T-Mobile store, located at 4512 Atlantic Avenue, Long Beach, California, belonging to T-Mobile, a national telephone service carrier and cellular telephone provider, the inventory of which travels in interstate commerce, in the presence of employees of the T-Mobile Store, against their will, by means of actual and threatened force, violence, and fear of injury, immediate and future, to their persons.

COUNT FIVE

[18 U.S.C. §§ 924(c)(1)(A)(ii), 2(a)]

[DEFENDANTS HARDRICK AND ROBINSON]

On or about August 13, 2019, in Los Angeles County, within the Central District of California, defendants AARON TREMMELL HARDRICK and EDWARD EUGENE ROBINSON, each aiding and abetting the other, knowingly used and carried a firearm, during and in relation to, and possessed that firearm in furtherance of, a crime of violence, namely, Interference with Commerce by Robbery, in violation of Title 18, United States Code, Section 1951(a), as charged in Count Four of this Indictment, and, in so doing, brandished that firearm.

A TRUE BILL

                                    /s/
_____
Foreperson

NICOLA T. HANNA
United States Attorney

*Brandon Fox*

BRANDON D. FOX
Assistant United States Attorney
Chief, Criminal Division

JOSEPH B. WIDMAN
Assistant United States Attorney
Chief, Riverside Branch Office

JERRY C. YANG
Assistant United States Attorney
Deputy Chief, Riverside Branch
Office

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

ORIGINAL

**CASE SUMMARY**

| | |
|---|---|
| Case Number   ED CR 19 - 0338 | Defendant Number   1 |
| U.S.A. v.   AARON TREMMELL HARDRICK | Year of Birth   1997 |
| ☑ Indictment   ☐ Information | Investigative agency (FBI, DEA, etc.)   FBI |

**NOTE: All items MUST be completed. If you do not know the answer or a question is not applicable to your case, enter "N/A."**

**OFFENSE/VENUE**

a. Offense charged as a:

☐ Class A Misdemeanor   ☐ Minor Offense   ☐ Petty Offense

☐ Class B Misdemeanor   ☐ Class C Misdemeanor   ☑ Felony

b. Date of Offense   On or about 3.18.19 to 9.8.19

c. County in which first offense occurred

San Bernardino

d. The crimes charged are alleged to have been committed in (CHECK ALL THAT APPLY):

☑ Los Angeles   ☐ Ventura

☑ Orange   ☐ Santa Barbara

☑ Riverside   ☐ San Luis Obispo

☑ San Bernardino   ☐ Other ____

Citation of Offense   18 U.S.C. § 1951(a); 18 U.S.C. § 924(c)(1)

(A)(ii); 18 U.S.C. § 2(a)

e. Division in which the MAJORITY of events, acts, or omissions giving rise to the crime or crimes charged occurred:

☐ Western (Los Angeles, San Luis Obispo, Santa Barbara, Ventura)

☑ Eastern (Riverside and San Bernardino)   ☐ Southern (Orange)

**RELATED CASE**

Has an indictment or information involving this defendant and the same transaction or series of transactions been previously filed and dismissed before trial?

☑ No   ☐ Yes

If "Yes," Case Number: ____

Pursuant to General Order 16-05, criminal cases may be related if a previously filed indictment or information and the present case:

a. arise out of the same conspiracy, common scheme, transaction, series of transactions or events; or

b. involve one or more defendants in common, and would entail substantial duplication of labor in pretrial, trial or sentencing proceedings if heard by different judges.

Related case(s), if any (MUST MATCH NOTICE OF RELATED CASE): ____

____

**PREVIOUSLY FILED COMPLAINT/CVB CITATION**

A complaint/CVB citation was previously filed on: ____

Case Number: ____

Assigned Judge: ____

Charging: ____

The complaint/CVB citation:

☐ is still pending

☐ was dismissed on: ____

**PREVIOUS COUNSEL**

Was defendant previously represented?   ☑ No   ☐ Yes

IF YES, provide Name: ____

Phone Number: ____

**COMPLEX CASE**

Are there 8 or more defendants in the Indictment/Information?

☐ Yes*   ☑ No

Will more than 12 days be required to present government's evidence in the case-in-chief?

☑ Yes*   [ ] No

*AN ORIGINAL AND 1 COPY (UNLESS ELECTRONICALLY FILED) OF THE NOTICE OF COMPLEX CASE MUST BE FILED AT THE TIME THE INDICTMENT IS FILED IF EITHER "YES" BOX IS CHECKED.

**SUPERSEDING INDICTMENT/INFORMATION**

IS THIS A NEW DEFENDANT?   ☐ Yes   ☐ No

This is the ____ superseding charge (i.e., 1st, 2nd).

The superseding case was previously filed on: ____

Case Number ____

The superseded case:

☐ is still pending before Judge/Magistrate Judge

____

☐ was previously dismissed on ____

Are there 8 or more defendants in the superseding case?

☐ Yes*   ☐ No

Will more than 12 days be required to present government's evidence in the case-in-chief?

☐ Yes*   ☑ No

Was a Notice of Complex Case filed on the Indictment or Information?

☐ Yes   ☑ No

*AN ORIGINAL AND 1 COPY OF THE NOTICE OF COMPLEX CASE MUST BE FILED AT THE TIME THE SUPERSEDING INDICTMENT IS FILED IF EITHER "YES" BOX IS CHECKED.

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

### CASE SUMMARY

**INTERPRETER**

Is an interpreter required?  ☐ YES  ☑ NO

IF YES, list language and/or dialect:

_____

**OTHER**

☑ Male  ☐ Female

☑ U.S. Citizen  ☐ Alien

Alias Name(s)  _____

_____

This defendant is charged in:

☐ All counts

☑ Only counts:  1, 4, and 5  _____

☐ This defendant is designated as "High Risk" per
18 USC § 3146(a)(2) by the U.S. Attorney.

☐ This defendant is designated as "Special Case" per
18 USC § 3166(b)(7).

Is defendant a juvenile?  ☐ Yes  ☑ No

IF YES, should matter be sealed?  ☐ Yes  ☐ No

The area(s) of substantive law that will be involved in this case
include(s):

☐ financial institution fraud  ☐ public corruption

☐ government fraud  ☐ tax offenses

☐ environmental issues  ☐ mail/wire fraud

☐ narcotics offenses  ☐ immigration offenses

☑ violent crimes/firearms  ☐ corporate fraud

☐ Other  _____

_____

**CUSTODY STATUS**

Defendant is **not in custody**:

a. Date and time of arrest on complaint:  _____

b. Posted bond at complaint level on:  _____

   in the amount of $ _____

c. PSA supervision?  ☐ Yes  ☐ No

d. Is on bail or release from another district?

_____

Defendant is **in custody**:

a. Place of incarceration:  ☐ State  ☑ Federal

b. Name of Institution:  Texas _____

c. If Federal, U.S. Marshals Service Registration Number:

_____

d. ☐ Solely on this charge. Date and time of arrest: _____

e. On another conviction:  ☐ Yes  ☐ No

   IF YES :  ☐ State  ☐ Federal  ☐ Writ of Issue

f. Awaiting trial on other charges:  ☑ Yes  ☐ No

   IF YES :  ☐ State  ☑ Federal  AND

   Name of Court:  NDTX _____

   Date transferred to federal custody:  9.22.19 _____

This person/proceeding is transferred from another district
pursuant to F.R.Cr.P.  _____ 20  _____ 21  _____ 40

**EXCLUDABLE TIME**

Determinations as to excludable time prior to filing indictment/information.  EXPLAIN:  _____

_____

_____

Date  10/01/2019 _____

Signature of Assistant US Attorney  _____

Jerry C. Yang

Print Name

CR-72 (12/17)  CASE SUMMARY  Page 2 of 2

EDCR 19-0338 CAS



*Memorandum*

FILED

2019 OCT -2  PM 4: 32

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
RIVERSIDE
BY_____

| Subject: | Date: |
|---|---|
| United States v. Aaron Tremmell Hardrick | October 1, 2019 |

| To: | From: |
|---|---|
| KIRY K. GRAY<br>Clerk, United States District Court<br>Central District of California | JERRY C. YANG<br>Assistant United States Attorney<br>Criminal Division |

The accompanying matter being filed on October 2, 2019:

_____ relates to    X    does not relate to

(1) a matter pending in the Criminal Division of the USAO at any time between October 2002 and October 5, 2003, the dates during which Jacqueline Chooljian was Chief of the Criminal Division in the USAO; (2) a matter pending in the Major Frauds Section of the USAO at any time between October 5, 2003 and January 6, 2006, the date on which Jacqueline Chooljian resigned her appointment in the USAO; or (3) a matter in which Jacqueline Chooljian was personally involved or on which she was personally consulted while employed in the USAO.

_____ relates to    X    does not relate to

a matter in which Patrick J. Walsh was personally involved or on which he was personally consulted while employed in the USAO.

_____ relates to    X    does not relate to

(1) a matter pending in the Riverside Branch of the USAO at any time between October 2, 2006 and April 4, 2011, the dates spanning the date when Sheri Pym became the Chief of the Riverside Branch of the USAO and the date when she resigned her appointment in the USAO; or (2) a matter in which Sheri Pym was personally involved or on which she was personally consulted while employed in the USAO.

_____ relates to    X    does not relate to

(1) a matter pending in the Major Frauds Section of the USAO at any time between May 8, 2009 and March 31, 2011, the dates spanning the date when Michael Wilner became a Deputy Chief of the Major Frauds Section of the USAO and the date when he resigned his appointment in the USAO; or (2) a matter in which Michael Wilner was personally involved or on which he was personally consulted while employed in the USAO.

_____ relates to    X    does not relate to

(1) a matter pending in the Appellate Section of the USAO at any time between February 2002 and May 2002, the time period during which Jean Rosenbluth served as the Chief of the Appellate Section of the USAO; (2) a matter in which Jean Rosenbluth was personally involved or on which she was personally consulted while employed in the USAO (between October 1, 1995 and May 31, 2002 as an Assistant United States Attorney, and between August 1, 2002 and July 31, 2008 as a Special Assistant United States Attorney); (3) a matter in which current Assistant United States Attorney Richard Robinson is or has been personally involved, or a matter on which he has personally consulted while employed in the USAO; or (4) a matter pending in the Major Frauds Section of the USAO between May 4, 2012 and August 14, 2015, the time period during which Richard Robinson served as the Chief of the Major Frauds Section of the USAO.

_____ relates to    X    does not relate to

(1) a matter pending in the Major Frauds Section of the USAO at any time between December 2001 and August 20, 2013, the dates spanning the date when Alka Sagar became a Deputy Chief of the Major Frauds Section of the USAO and the date when she resigned her appointment in the USAO; (2) a matter pending in the Major Crimes Section of the USAO at any time between January 1991 and December 2001, the time period during which Alka Sagar served as a Deputy Chief of the Major Crimes Section of the USAO; or (3) a matter in which Alka Sagar was personally involved or on which she was personally consulted while employed in the USAO.

_____ relates to   __X__ does not relate to

(1) a matter pending in the Santa Ana branch of the USAO at any time between April 2007, to August 22, 2013, the dates spanning the date when Douglas McCormick became a Deputy Chief of Santa Ana Branch of the USAO and the date when he resigned his appointment in the USAO; or (2) a matter in which Douglas McCormick was personally involved or on which he was personally consulted while employed in the USAO.

_____ relates to   __X__ does not relate to

(1) a matter pending in the General Crimes Section of the USAO at any time between January 12, 2012, and April 30, 2015, the dates spanning the date when Rozella Oliver became a Deputy Chief of the General Crimes Section of the USAO, and subsequently, Chief of the General Crimes Section of the USAO, and the date when she resigned her appointment in the USAO; or (2) a matter in which Rozella Oliver was personally involved or on which she was personally consulted while employed in the USAO; or (3) a matter in which former Assistant United States Attorney Evan Davis is or has been personally involved, or a matter on which he has personally consulted while employed in the USAO.

_____ relates to   __X__ does not relate to

a matter in which Gail J. Standish was personally involved or on which she was personally consulted while employed in the USAO (from May 1997 to April 2001).

_____ relates to   __X__ does not relate to

a matter in which Steve Kim was personally involved or on which he was personally consulted while employed in the USAO (from September 2003 to November 2007).

_____ relates to   __X__ does not relate to

a matter in which John Early was personally involved or on which he was personally consulted while employed in the USAO (from June 1999 to January 2005).

_____ relates to   __X__ does not relate to

a matter in which Shashi H. Kewalramani was personally involved or on which he was personally consulted while employed in the USAO (from April 2008 to January 2011).

_____
JERRY C. YANG
Assistant United States Attorney

2

EDCR 19-0338   CAS

FILED

## *Memorandum*

2019 OCT -2 PM 4:32

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF
RIVERSIDE

BY___



| Subject: | Date: |
|---|---|
| United States v. Aaron Tremmell Hardrick | October 1, 2019 |

| To: | From: |
|---|---|
| KIRY K. GRAY | JERRY C. YANG |
| Clerk, United States District Court | Assistant United States Attorney |
| Central District of California | Criminal Division |

For purposes of determining whether the above-referenced matter, being filed on October 2, 2019:

(a)      should be assigned to the Honorable André Birotte Jr., it

☐ is

☒ is not

a matter that was pending in the United States Attorney's Office (USAO) on or before August 8, 2014, the date the Honorable André Birotte Jr. resigned from his position as the United States Attorney for the Central District of California.

(b)      should be assigned to the Honorable Michael W. Fitzgerald, it

☐ is

☒ is not

(1) a matter that was pending in the Terrorism and Export Crimes Section in the USAO's National Security Division on or before August 3, 2015; (2) a matter pending in the USAO's National Security Section in the USAO's Criminal Division on or before August 3, 2015, or a matter in which the National Security Section was previously involved; or (3) a matter in which current First Assistant United States Attorney Patrick R. Fitzgerald is or has been personally involved or on which he has personally consulted while employed in the USAO.

_____

JERRY C. YANG
Assistant United States Attorney

1 | NICOLA T. HANNA
United States Attorney
2 | JOSEPH B. WIDMAN
Assistant United States Attorney
3 | Chief, Riverside Branch Office
JERRY C. YANG (Cal. Bar No. 241323)
4 | Deputy Chief, Riverside Branch Office
Assistant United States Attorney
5 | Riverside Branch Office
   3403 Tenth Street, Suite 200
6 |    Riverside, California 92501
   Telephone: (951) 276-6221
7 |    Facsimile: (951) 276-6237
   E-mail:  Jerry.Yang@usdoj.gov
8 |
9 | Attorneys for Plaintiff
UNITED STATES OF AMERICA

```
                    FILED
         CLERK, U.S. DISTRICT COURT

                OCT - 2 2019

         CENTRAL DISTRICT OF CALIFORNIA
         EASTERN DIVISION      BY DEPUTY
```

10 |         UNITED STATES DISTRICT COURT

11 |     FOR THE CENTRAL DISTRICT OF CALIFORNIA

12 | UNITED STATES OF AMERICA,

**EDCR 19-0338 CAS**

13 |      Plaintiff,

GOVERNMENT'S *EX PARTE* APPLICATION
FOR ORDER SEALING DOCUMENT;
DECLARATION OF JERRY C. YANG

14 |      v.

15 | AARON TREMMELL HARDRICK,
EDWARD EUGENE ROBINSON,

**(UNDER SEAL)**

16 | ROBERT WIMBLEY,
DARRON WIMBLEY,
17 | DJOVONTE LEWIS, and
ANTHONY WIMBLEY,
18 |
19 |      Defendants.

20 |

21 |     Plaintiff United States of America, by and through its counsel

22 | of record, the United States Attorney for the Central District of

23 | California and Assistant United States Attorney Jerry C. Yang, hereby

24 | applies ex parte for an order that the government's indictment, as

25 | well as this ex parte application, be filed under seal.

26 | //

27 | //

28 | //

1      This <u>ex parte</u> application is based upon the attached declaration

2 of Jerry C. Yang.

3  Dated: October 2, 2019             Respectfully submitted,

4                               NICOLA T. HANNA
                              United States Attorney

5

6                               JOSEPH B. WIDMAN
                              Assistant United States Attorney
                              Chief, Riverside Branch Office

7

8                                     /s/ Jerry Yang
                              JERRY C. YANG

9                               Assistant United States Attorney

10                               Attorneys for Plaintiff
                              UNITED STATES OF AMERICA

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## DECLARATION OF JERRY C. YANG

I, Jerry C. Yang, declare as follows:

    1.   I am an Assistant United States Attorney in the United States Attorney's Office for the Central District of California. I am the attorney representing the government in this case.

    2.   The government requests leave to file the indictment under seal. The case agent in charge of investigating the offenses charged in the indictment, Federal Bureau of Investigation Special Agent Michelle Goessens, has communicated to me that based on her investigation, she believes that there may be several unindicted co-conspirators who are still in possession of their cellular phones - phones which may contain valuable evidence. As a result, disclosure of the identities of the defendants charged in the indictment, prior to the recovery of these phones, would jeopardize law enforcement's ability to obtain evidence on those phones.

///

1    3.    Accordingly, the government requests that the Court order

2  that the indictment be filed under seal, and automatically unsealed

3  as to each defendant when he/she appears for his/her initial

4  appearance, or as permitted or required by applicable law, including

5  in order for the government to comply with its discovery obligations.

6    I declare under penalty of perjury under the laws of the United

7  States of America that the foregoing is true and correct and that

8  this declaration is executed at Riverside, California, on October 2,

9  2019.

10

11                                        JERRY C. YANG

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   NICOLA T. HANNA
    United States Attorney
2   JOSEPH B. WIDMAN
    Assistant United States Attorney
3   Chief, Riverside Branch Office
    JERRY C. YANG (Cal. Bar No. 241323)
4   Deputy Chief, Riverside Branch Office
    Assistant United States Attorney
5   Riverside Branch Office
        3403 Tenth Street, Suite 200
6       Riverside, California 92501
        Telephone: (951) 276-6221
7       Facsimile: (951) 276-6237
        E-mail: Jerry.Yang@usdoj.gov
8



FILED
CLERK, U.S. DISTRICT COURT

OCT - 2 2019

CENTRAL DISTRICT OF CALIFORNIA
EASTERN DIVISION     BY DEPUTY

9   Attorneys for Plaintiff
    UNITED STATES OF AMERICA

10                 UNITED STATES DISTRICT COURT

11           FOR THE CENTRAL DISTRICT OF CALIFORNIA

12   UNITED STATES OF AMERICA,       EDCR No. 19-   **19-0338 CAS**

13             Plaintiff,           [~~PROPOSED~~] ORDER SEALING DOCUMENT

14             v.                 **(UNDER SEAL)**

15   AARON TREMMELL HARDRICK,
    EDWARD EUGENE ROBINSON,
16   ROBERT WIMBLEY,
    DARRON WIMBLEY,
17   DJOVONTE LEWIS, and
    ANTHONY WIMBLEY,
18
            Defendants.
19

20

21   For good cause shown, IT IS HEREBY ORDERED THAT:

22       The government's <u>ex parte</u> application for sealed filing is

23   GRANTED. The document sought to be filed under seal and the

24   government's <u>ex parte</u> application for sealed filing shall both be

25   filed under seal. The government may produce the underlying document

26   as permitted or required by applicable law.

27   *October 2, 2019*
    _____       _____
28   DATE                       UNITED STATES MAGISTRATE JUDGE

**IN CASE OF DENIAL:**

The government's application for sealed filing is DENIED. The sealing application will be filed under seal.  The underlying document shall be returned to the government, without filing of the documents or reflection of the name or nature of the documents on the clerk's public docket.

_____                    _____
DATE                                                UNITED STATES MAGISTRATE JUDGE
Presented by:

_____
JERRY C. YANG
Assistant United States Attorney

UNDER SEAL  ORIGINAL  FILED

2019 OCT -2 PM 4: 30

CLERK U.S. DISTRICT COURT
CENTRAL DIST OF CALIF.
RIVERSIDE

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA | Initial Indictment: |
| | EDCR 19-0338 CAS |
| | Case number to be assigned by Criminal Intake Clerk |
| v. PLAINTIFF | Superseding Indictment |
| | Case number |
| AARON TREMMELL HARDRICK, et al. | |
| | **NOTICE TO COURT OF COMPLEX CRIMINAL CASE** |
| DEFENDANT(S). | (To be filed at the time the Indictment is filed or upon the filing of a Superseding Indictment in a case not previously identified as complex.) |

[X] **Initial Indictment**

Upon a careful review of the initial indictment, it is the opinion of the United States Attorney's Office that this case qualifies as complex because:

[ ] There are eight (8) or more defendants.   The number of defendants is _____ .

and/or

[X] The presentation of the evidence in the Government's case-in-chief (including cross-examination) will will exceed twelve (12) trial days.  The current estimate is __13__ trial days.

[ ] **Superseding Indictment**

Upon careful review of the _____ superseding indictment, it is the opinion of the United States Attorney's Office that this case now qualifies as complex because:

[ ] There are eight (8) or more defendants.   The number of defendants is _____ .  The previous number of defendants was _____ .

and/or

[ ] The presentation of the evidence in the Government's case-in-chief (including cross-examination) will will exceed twelve (12) trial days.  The current estimate is _____ trial days.  The previous estimate was _____ trial days.

| | |
|---|---|
| October 2, 2019 | _____ |
| Date | Assistant United States Attorney |

CR-63 (09/14)                    NOTICE TO COURT OF COMLEX CRIMINAL CASE

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA | CASE NUMBER |
|---|---|
| Plaintiff(s) | 5:19-cr-00338-CAS |
| V. | |
| AARON TREMMELL HARDRICK; ET AL., | **\*SEALED\*** |
| | **ORDER RETURNING CRIMINAL CASE** |
| Defendant(s). | **FOR REASSIGNMENT BY SENIOR JUDGE** |

IT IS ORDERED that the above-entitled case is hereby returned to the Clerk for random assignment pursuant to the provisions of General Order 19-03 as to:

☑ all defendants

☐ only as to defendant(s):

_____

_____

_____

| October 4, 2019 | _Christine A. Snyde_ |
|---|---|
| Date | United States District Judge |

## NOTICE TO COUNSEL FROM CLERK

This case has been reassigned to Judge _____ Fernando M. Olguin _____ for all further proceedings.
On all documents subsequently filed in this case, please substitute the initials _____ FMO _____ after the case
number, so that the case number will read _____ 5:19-cr-00338 FMO _____ .

cc: ☐ *Previous Judge*   ☐ *Statistics Clerk*

CR- 84  (03/19)                    ORDER RETURNING CRIMINAL CASE FOR REASSIGNMENT BY SENIOR JUDGE

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | CASE NUMBER |
| | |
| PLAINTIFF | 5:19-cr-00338-FMO |
| v. | |
| AARON TREMMELL HARDRICK, et al., | **ORDER TRANSFERRING CRIMINAL ACTION PURSUANT TO GENERAL ORDER 19-03** |
| DEFENDANT(S). | |

Pursuant to General Order 19-03, IT IS HEREBY ORDERED that the above-entitled criminal action be transferred to the calendar of Judge _____ Jesus G. Bernal _____ for all further proceedings as to:

☑ all defendants

☐ only as to defendant(s):

_____

_____

_____

| October 7, 2019 | /s/ Fernando M. Olguin |
| Date | United States District Judge |
| | |
| October 8, 2019 | |
| Date | United States District Judge |

### Notice to Counsel from Clerk

On all documents subsequently filed in this case, please substitute the initials _____ JGB _____ after the case number, so that the case number will read _____ 5:19-cr-00338 JGB _____ . This is very important because documents are routed to the assigned judge by means of these initials.

cc: ☐ *Previous Judge*    ☐ *Statistics Clerk*

ORIGINAL

1   NICOLA T. HANNA
    United States Attorney
2   JOSEPH B. WIDMAN
    Assistant United States Attorney
3   Chief, Riverside Branch Office
    JERRY C. YANG (Cal. State Bar No. 241323)
4   Assistant United States Attorney
        3403 Tenth Street, Suite 200
5       Riverside, California 92501
        Telephone: (951) 276-6221
6       Facsimile: (951) 276-6202
        E-mail: jerry.yang@usdoj.gov
7
    Attorneys for Plaintiff
8   UNITED STATES OF AMERICA

9                    UNITED STATES DISTRICT COURT

10             FOR THE CENTRAL DISTRICT OF CALIFORNIA

11  UNITED STATES OF AMERICA,        ED CR No. 19 - 338-JGB-1

12              Plaintiff,           GOVERNMENT'S NOTICE OF REQUEST
                                     FOR DETENTION
13              v.

14  AARON TREMMELL HARDRICK,

15              Defendant.           UNDER SEAL

16

17       Plaintiff, United States of America, by and through its counsel

18  of record, hereby requests detention of defendant and gives notice

19  of the following material factors:

20  _____  1.  Temporary 10-day Detention Requested (§ 3142(d)) on the

21              following grounds:

22      _____  a. present offense committed while defendant was on

23                 release pending (felony trial), (sentencing),

24                 (appeal), or on (probation) (parole); or

25

26

27

28

_____ b. defendant is an alien not lawfully admitted for
permanent residence; and

_____ c. defendant may flee; or

_____ d. pose a danger to another or the community.

X 2. Pretrial Detention Requested (§ 3142(e)) because no
condition or combination of conditions will reasonably
assure:

X a. the appearance of the defendant as required;

X b. safety of any other person and the community.

_____ 3. Detention Requested Pending Supervised Release/Probation
Revocation Hearing (Rules 32.1(a)(6), 46(d), and 18 U.S.C.
§ 3143(a)):

_____ a. defendant cannot establish by clear and convincing
evidence that he/she will not pose a danger to any
other person or to the community;

_____ b. defendant cannot establish by clear and convincing
evidence that he/she will not flee.

X 4. Presumptions Applicable to Pretrial Detention (18 U.S.C.
§ 3142(e)):

_ a. Title 21 or Maritime Drug Law Enforcement Act
("MDLEA") (46 U.S.C. App. 1901 et seq.) offense with
10-year or greater maximum penalty (presumption of
danger to community and flight risk);

X b. offense under 18 U.S.C. §§ 924(c), 956(a), 2332b, or
2332b(g)(5)(B) with 10-year or greater maximum
penalty (presumption of danger to community and
flight risk);

_____ c. offense involving a minor victim under 18 U.S.C. §§ 1201, 1591, 2241, 2242, 2244(a)(1), 2245, 2251, 2251A, 2252(a)(1)-(a)(3), 2252A(a)(1)-2252A(a)(4), 2260, 2421, 2422, 2423 or 2425 (presumption of danger to community and flight risk);

_____ d. defendant currently charged with an offense described in paragraph 5a - 5e below, AND defendant was previously convicted of an offense described in paragraph 5a - 5e below (whether Federal or State/local), AND that previous offense was committed while defendant was on release pending trial, AND the current offense was committed within five years of conviction or release from prison on the above-described previous conviction (presumption of danger to community).

✗ 5. Government Is Entitled to Detention Hearing Under § 3142(f) If the Case Involves:

✗ a. a crime of violence (as defined in 18 U.S.C. § 3156(a)(4)) or Federal crime of terrorism (as defined in 18 U.S.C. § 2332b(g)(5)(B)) for which maximum sentence is 10 years' imprisonment or more;

_____ b. an offense for which maximum sentence is life imprisonment or death;

_____ c. Title 21 or MDLEA offense for which maximum sentence is 10 years' imprisonment or more;

3

1      _____ d. any felony if defendant has two or more convictions

2                 for a crime set forth in a-c above or for an offense

3                 under state or local law that would qualify under a,

4                 b, or c if federal jurisdiction were present, or a

5                 combination or such offenses;

6      _____ e. any felony not otherwise a crime of violence that

7                 involves a minor victim or the possession or use of a

8                 firearm or destructive device (as defined in 18

9                 U.S.C. § 921), or any other dangerous weapon, or

10                involves a failure to register under 18 U.S.C.

11                § 2250;

12       ☒ f. serious risk defendant will flee;

13      _____ g. serious risk defendant will (obstruct or attempt to

14                obstruct justice) or (threaten, injure, or intimidate

15                prospective witness or juror, or attempt to do so).

16 _____ 6. Government requests continuance of _____ days for

17         detention hearing under § 3142(f) and based upon the

18         following reason(s):

19

20

21

22

23 //

24 //

25 //

26 //

27 //

28 //

_____   7. Good cause for continuance in excess of three days exists

in that:

_____

_____

_____

_____

Dated: October 1, 2019          Respectfully submitted,

                                NICOLA T. HANNA
                                United States Attorney

                                JOSEPH B. WIDMAN
                                Assistant United States Attorney
                                Chief, Riverside Office

                                _____
                                JERRY C. YANG
                                Assistant United States Attorney

                                Attorneys for Plaintiff
                                UNITED STATES OF AMERICA

5