IN THE UNITED STATES DISTRICT COURT
FOR THE ~~CENTRAL DISTRICT OF CALIFORNIA~~ Northern District of Texas
~~EASTERN~~ DIVISION Fort Worth

UNITED STATES OF AMERICA

v.

AARON TREMMELL HARDRICK (01)

NO. ED CR 19-338-JGB-1
NDTX Criminal No: 4:19-CR-377-P

**PLEA AGREEMENT WITH WAIVER OF APPEAL**

Aaron Tremmell Hardrick ("defendant"); Kirk Claunch, defendant's attorney; and the United States Attorney for the Central District of California ("government"), agree as follows:

1. **Rights of Defendant**: Defendant understands that he has the right

    a. to plead not guilty;

    b. to have a trial by jury;

    c. to have the his guilt proven beyond a reasonable doubt;

    d. to confront and cross-examine witnesses and to call witnesses in the his defense; and

    e. against compelled self-incrimination.

2. **Waiver of Rights and Plea of Guilty**: The defendant waives these rights and pleads guilty to Counts One, Four, and Five of the Indictment, which charge, respectively, a violation of 18 U.S.C. § 1951(a), that is, conspiracy to interfere with commerce by robbery; 18 U.S.C. § 1951(a), that is, interference with commerce by robbery; and 18 U.S.C. § 924(c)(1)(A)(ii), that is, brandishing a firearm during and in

Plea Agreement–Page 1

relation to a crime of violence. The defendant understands the nature and elements of the crimes to which he is pleading guilty, and agrees that the factual resume he has signed is true and will be submitted as evidence.

3. **Sentence:** The Court can impose the following penalties for Count One:

   a. imprisonment for a period not more than 20 years;

   b. a fine not to exceed $250,000, or twice any pecuniary gain to the defendant or loss to the victim(s);

   c. a term of supervised release of not more than three (3) years, which may be mandatory under the law and will follow any term of imprisonment. If the defendant violates the conditions of supervised release, the Court may revoke such release term and require that the defendant serve any or all of such term as an additional period of confinement. The effect of a revocation of a term of supervised release is to make the overall period of incarceration longer;

   d. a mandatory special assessment of $100;

   e. forfeiture of property;

   f. restitution to victims or to the community, which may be mandatory under the law, and which the defendant agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone; and

   g. costs of incarceration and supervision.

4. The Court can impose the following penalties for Count Four:

   a. imprisonment for a period not more than 20 years;

   b. a fine not to exceed $250,000, or twice any pecuniary gain to the defendant or loss to the victim(s);

   c. a term of supervised release of not more than three (3) years, which may be mandatory under the law and will follow any term of imprisonment. If the defendant violates the conditions of supervised release, the Court may revoke such release term and require that the defendant serve any or all of such term as an additional period of

      confinement. The effect of a revocation of a term of supervised release is to make the overall period of incarceration longer;

    d.    a mandatory special assessment of $100;

    e.    forfeiture of property;

    f.    restitution to victims or to the community, which may be mandatory under the law, and which the defendant agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone; and

    g.    costs of incarceration and supervision.

The Court can impose the following penalties for Count Five:

    a.    imprisonment for a period of at least 84 months, but not more than life, to be run consecutively with any other sentence;

    b.    a fine not to exceed $250,000, or twice any pecuniary gain to the defendant or loss to the victim(s);

    c.    a term of supervised release of not more than five years, which may be mandatory under the law and will follow any term of imprisonment. If the defendant violates the conditions of supervised release, the Court may revoke such term of supervised release and require the defendant to serve an additional period of imprisonment. If multiple terms of supervised release or revoked, the terms of imprisonment may be ordered to run consecutively;

    d.    a mandatory special assessment of $100;

    e.    forfeiture of property;

    f.    restitution to victims or to the community, which may be mandatory under the law, and which the defendant agrees may include restitution arising from all relevant conduct, not limited to that arising from the offense of conviction alone; and

    g.    costs of incarceration and supervision.

2.    **Court's Sentencing Discretion and Role of the Guidelines**: The defendant understands that the sentence in this case will be imposed by the Court after

consideration of the United States Sentencing Guidelines. The guidelines are not binding on the Court, but are advisory only. The defendant has reviewed the guidelines with the defendant's attorney, but understands no one can predict with certainty the outcome of the Court's consideration of the guidelines in this case. Pursuant to Fed. R. Crim. P. 11(c)(1)(B), the government hereby recommends a sentence of at the low-end of the sentencing guidelines as determined by the Court. However, the defendant understands that this recommendation is not binding on the Court, and he will not be allowed to withdraw his plea if the recommendation is not followed or if the applicable advisory guideline range is higher than expected. The defendant will not be allowed to withdraw the defendant's plea if the defendant's sentence is higher than expected. The defendant fully understands that the actual sentence imposed (so long as it is within the statutory maximum) is solely in the discretion of the Court.

3. **Immigration consequences**: The defendant recognizes that pleading guilty may have consequences with respect to his immigration status if he is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses. The defendant understands this may include the offense to which he is pleading guilty, and for purposes of this plea agreement, the defendant assumes the offense is a removable offense. Removal and other immigration consequences are the subject of a separate proceeding, however, and the defendant understands that no one, including the defendant's attorney or the district court, can predict to a certainty the effect of the defendant's conviction on the defendant's immigration status. The defendant

Plea Agreement–Page 4

nevertheless affirms that he wants to plead guilty regardless of any immigration consequences that the defendant's plea of guilty may entail, even if the consequence is the defendant's automatic removal from the United States.

4. **Mandatory special assessment**: Defendant agrees to pay to the U.S. District Clerk the amount of $300.00, in satisfaction of the mandatory special assessment in this case.

5. **Restitution**: Pursuant to 18 U.S.C. §3663(a)(1)(A), the defendant agrees to pay restitution for losses resulting from all of his criminal conduct, including relevant conduct and other criminal conduct related or similar to his offense of conviction, and understands that restitution will not be limited to losses stemming from the offense of conviction alone. The defendant agrees that he shall be jointly and severable liable for payment of all restitution if other criminal defendants in this or related cases are ordered to pay restitution for the same losses. The defendant agrees to cooperate fully in the identification of assets to be applied toward restitution. The defendant's cooperation obligations include: (A) fully and truthfully completing the Department of Justice's Financial Statement of Debtor form, and any addendums to said form deemed necessary by the government, within ten days of the guilty plea hearing; (B) submitting to a financial deposition or interview (should the government deem it necessary) prior to sentencing regarding the subject matter of said form; (C) providing any documentation within his possession or control requested by the government regarding his financial

condition; and (D) fully and truthfully answering all questions regarding his past and present financial condition in such interview(s).

6. **Defendant's cooperation with financial investigation**: Upon demand, the defendant shall submit a personal financial statement under oath and submit to interviews by the government and the U.S. Probation Office regarding the defendant's capacity to satisfy any fines or restitution. The defendant expressly authorizes the United States Attorney's Office to immediately obtain a credit report on the defendant in order to evaluate the defendant's ability to satisfy any financial obligation imposed by the Court. The defendant fully understands that any financial obligation imposed by the Court, including a restitution order and/or the implementation of a fine, is due and payable immediately. In the event the Court imposes a schedule for payment of restitution, the defendant agrees that such a schedule represents a minimum payment obligation and does not preclude the U.S. Attorney's Office from pursuing any other means by which to satisfy the defendant's full and immediately enforceable financial obligation. The defendant understands that the defendant has a continuing obligation to pay in full as soon as possible any financial obligation imposed by the Court.

7. **Defendant's testimony**: Should the defendant testify, the defendant shall give complete and truthful information and/or testimony concerning the defendant's participation in the offense of conviction. Incomplete or dishonest testimony will be a breach of this agreement.

8. **Government's Agreement:** The government will not bring any additional charges against the defendant based upon the conduct in the Central District of California underlying and related to the defendant's plea of guilty. This agreement is limited to the United States Attorney's Office for the Central District of California and does not bind any other federal, state, or local prosecuting authorities, nor does it prohibit any civil or administrative proceeding against the defendant or any property. All rights or powers of the government under this agreement may be exercised on behalf of the government by the United States Attorney's Office for the Northern District of Texas.

9. **Violation of Agreement:** The defendant understands that if he violates any provision of this agreement, or if his guilty plea is vacated or withdrawn, the government will be free from any obligations of the agreement and free to prosecute the defendant for all offenses of which it has knowledge. In such event, the defendant waives any objections based upon delay in prosecution. If the plea is vacated or withdrawn for any reason other than a finding that it was involuntary, the defendant also waives objection to the use against the defendant of any information or statements the defendant has provided to the government, and any resulting leads.

10. **Voluntary Plea:** This plea of guilty is freely and voluntarily made and is not the result of force or threats, or of promises apart from those set forth in this plea agreement. There have been no guarantees or promises from anyone as to what sentence the Court will impose.

11. **Representation of Counsel**: The defendant has thoroughly reviewed all legal and factual aspects of this case with his attorney and is fully satisfied with that attorney's legal representation. The defendant has received from his attorney explanations satisfactory to the defendant concerning each paragraph of this plea agreement, each of the defendant's rights affected by this agreement, and the alternatives available to the defendant other than entering into this agreement. Because the defendant concedes that he is guilty, and after conferring with his attorney, the defendant has concluded that it is in his best interest to enter into this plea agreement and all its terms, rather than to proceed to trial in this case.

12. **Waiver of right to appeal or otherwise challenge sentence**: The defendant waives his rights, conferred by 28 U.S.C. § 1291 and 18 U.S.C. § 3742, to appeal the conviction, sentence, fine, order of restitution, and order of forfeiture. The defendant further waives his right to contest his conviction, sentence, fine, order of restitution, and order of forfeiture in any collateral proceeding, including proceedings under 28 U.S.C. § 2241 and 28 U.S.C. § 2255. The defendant, however, reserves the rights to bring (a) a direct appeal of (i) a sentence exceeding the statutory maximum punishment, or (ii) an arithmetic error at sentencing; (b) to challenge the voluntariness of this plea of guilty or this waiver; and (c) to bring a claim of ineffective assistance of counsel.

13. **Entirety of Agreement:** This document is a complete statement of the parties' agreement and may not be modified unless the modification is in writing and signed by all parties.

AGREED TO AND SIGNED this 9TH day of DECEMBER 2019.

_____
AARON HARDRICK
Defendant

NICOLA T. HANNA
UNITED STATES ATTORNEY FOR THE
CENTRAL DISTRICT OF CALIFORNIA

_____
JERRY C. YANG
Assistant United States Attorney
Deputy Chief, Riverside Branch Office
State Bar of California No. 241323
3403 Tenth Street, Suite 200
Riverside, California 92501
Telephone: (951) 276-6221
Facsimile: (951) 276-6237

_____
KIRK CLAUNCH
Attorney for Defendant

_____
JOSEPH B. WIDMAN
Assistant United States Attorney
Chief, Riverside Branch Office

I am the defendant's counsel. I have carefully reviewed every part of this Plea Agreement with the defendant. To my knowledge and belief, my client's decision to enter into this Plea Agreement is an informed and voluntary one.

_____
KIRK CLAUNCH
Attorney for Defendant

_____
December 9, 2019
Date

Plea Agreement–Page 9